[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14245

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TREVOR ALEC HRUBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00014-AW-GRJ-1

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Trevor Hruby appeals the procedural and substantive reasonableness of his 1,440-month sentence for 4 counts of production of child pornography. Hruby argues that his sentence is unreasonable because the district court abused its discretion in assigning weight to the 18 U.S.C. § 3553(a) factors and failed to focus on the individualized, particularized mitigating facts of his case.

When reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error. *Gall v. United States,* 552 U.S. 38, 41 (2007). A district court commits a procedural sentencing error when it imposes a sentence based on clearly erroneous facts, fails to calculate or improperly calculates the guideline range, fails to consider the § 3553(a) factors, treats the Guidelines as mandatory, or fails to explain the chosen sentence. *Id.* While the district court must consider the 18 U.S.C. § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgment by the district court that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

After ensuring that a sentence is procedurally sound, we then consider the substantive reasonableness of a sentence. *Id.* The district court must impose a sentence that is "sufficient, but

not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training.  18 U.S.C. § 3553(a)(2).  It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants.  *Id*. § 3553(a)(1), (3)-(7).

The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor.  *Kuhlman*, 711 F.3d at 1327.  Nevertheless, a district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).  Although we do not automatically presume that a sentence within the Guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

As an initial matter, the argument that Hruby frames as procedural reasonableness challenges only the weight afforded to certain § 3553(a) factors, and therefore addresses only substantive reasonableness.  *See Gall*, 552 U.S. at 51.  In any event, to the extent that he argues that the district court procedurally erred by failing

to consider certain § 3553(a) factors altogether, such as the need to avoid unwarranted sentencing disparities, the court stated that it considered the 18 U.S.C. § 3553(a) factors, and it was not required to specifically discuss all of the § 3553(a) factors. *Turner*, 474 F.3d at 1281.

As to substantive reasonableness, the court did not fail to consider relevant factors that were due significant weight, give significant weight to an improper factor, or clearly err in considering the proper factors. *Irey*, 612 F.3d at 1189. The court stated on the record that it had considered the arguments set forth at sentencing, the PSI, and the sentencing memorandum. The record also reflects that the court had considered all of the mitigation and reviewed both the sentencing memorandum and the letters from Hruby's family, which explained each mitigating factor in detail. The court walked through the mitigation on the record, discussing the impact that Hruby's youth, his victimhood, his lack of criminal history, and his acceptance of responsibility had on its decision. This explanation shows that the court considered each of the mitigating factors that Hruby argues on appeal were ignored. The court further asserted that the severity of the offense conduct "[was] just too much to justify anything short of the sentence [imposed], notwithstanding that mitigation." Doc. 51 at 2). The court stated that Hruby's sexual interest in children made him a danger to society and expressed that, accordingly, the sentence imposed was necessary to protect the public. The court was permitted to attach greater weight to the seriousness of the offense conduct, which involved repeated sexual offenses against multiple children in

22-14245                Opinion of the Court                5

Hruby's care, and to the need to protect the public, than to the mitigating evidence. *See Kuhlman*, 711 F.3d at 1327; (Doc. 51 at 26-27).

Finally, Hruby's sentence was within the guidelines recommendation, which further suggests that it was reasonable. *See Hunt*, 526 F.3d at 746. The district court did not abuse its discretion and Hruby's sentence is reasonable.

AFFIRMED.